ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| JUAN M. CRESPO MORALES<br><br>Peticionario<br><br><br>v.<br><br><br>FRANCISCO PARÉS ALICEA, SECRETARIO DE HACIENDA POR CONDUCTO SECRETARIO DE JUSTICIA<br><br>Recurrido | KLCE202400435 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.:<br>SJ2023CV10703<br><br>Salón: 904<br><br>Sobre:<br>*Mandamus* |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Salgado Schwarz, Carlos G., Juez Ponente.

# S E N T E N C I A

En San Juan, Puerto Rico, a 25 de abril de 2024.

Comparece el señor Juan M. Crespo Morales (en adelante "Sr. Crespo" o "Peticionario"), mediante el presente recurso de *certiorari*, y solicita que dejemos sin efecto una *Resolución* declarando *No Ha Lugar* una *Petición de Reconsideración* emitida el 11 de marzo de 2024 por el Tribunal de Primera de Instancia (en adelante "TPI"). Mediante dicha petición, el Sr. Crespo alega que se le adeuda la suma de $1,400.00 del estímulo federal *Coronavirus Tax Relief Act* del año 2020.

Por los fundamentos que exponemos a continuación, se desestima el recurso por falta de jurisdicción.

-I-

A continuación, exponemos los hechos pertinentes ante nuestra consideración.

El 3 de noviembre de 2023, el Sr. Crespo presentó una *Demanda de Mandamus Petición Urgente*[1] mediante la cual le solicita al TPI que le ordene al Departamento de Hacienda emitir un cheque por la cantidad de $1,400.00 por concepto del incentivo federal *Coronavirus Tax Relief Act* del año 2020. Así las cosas, el 16 de noviembre de 2023 el Tribunal emitió una *Orden*[2] concediéndole diez (10) días al Peticionario a fin de que presentara una declaración jurada en cumplimiento con la Regla 54 de Procedimiento Civil[3]. Transcurrido el término concedido sin la radicación de la correspondiente declaración jurada, el 30 de noviembre de 2023, el TPI emitió una *Sentencia*[4] desestimando el recurso. Inconforme, el 13 de febrero de 2024, el Sr. Crespo presentó una *Moción Solicitando Incentivo de Estimulo Federal – Coronavirus Tax Relief Act del 2020*[5] alegando haber cumplido a cabalidad con los requerimientos del procedimiento de *mandamus*.

El 8 de marzo de 2024 el Peticionario radicó una *Petición de Reconsideración*[6] alegando que no cuenta con los recursos económicos para presentar la declaración jurada. En vista de lo anterior, el 11 de marzo de 2024, el TPI emitió una *Resolución*[7] declarando *No Ha Lugar* la referida petición. Así las cosas, el 12 de abril de 2024, el Peticionario presentó una *Petición de Certiorari* ante esta Curia.

---

[1] Véase Anejo 1 del recurso.
[2] Véase Anejo 2 del recurso.
[3] 32 LPRA Ap. V, R. 54.
[4] Véase Anejo 4 del recurso.
[5] Véase Anejo 6 del recurso.
[6] Véase Anejo 11 del recurso.
[7] Véase Anejo 14 del recurso.

-II-

Es norma reiterada en nuestro ordenamiento jurídico procesal que los "*tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen.*"[8] La jurisdicción es el poder o autoridad de los tribunales para considerar y decidir casos y controversias.[9] Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a desestimar el recurso -toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho- pues la ausencia de jurisdicción es insubsanable.[10]

Un recuso tardío, "*adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre*"[11], por lo que debe ser desestimado. Esto, debido a que su presentación carece de eficacia y no produce efecto jurídico alguno, dado que no existe autoridad judicial para acogerlo.

Por otro lado, el Reglamento del Tribunal de Apelaciones dispone el término para que una parte presente un recurso de *certiorari*. A tales efectos, la Regla 32(C) dispone lo siguiente:

> El recurso de *certiorari* para revisar las resoluciones finales en procedimientos de jurisdicción voluntaria dictadas por el Tribunal de Primera Instancia se formalizará mediante la presentación de una solicitud dentro de los **treinta días** siguientes a la fecha de archivo en autos de una copia de la notificación de la resolución u orden recurrida. Este término es jurisdiccional.[12]

---

[8] *SLG Szendrey-Ramos* v. *F. Castillo*, 169 DPR 873, 882 (2007); *Peerless Oil* v. *Hnos. Torres Pérez*, 186 DPR 239, 250 (2012).
[9] *Allied Mgmt. Grp.,* Inc. v. *Oriental Bank*, 204 DPR 374, 385 (2020); *Solá Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011).
[10] *Shell* v. *Srio. Hacienda*, 187 DPR 109, 123 (2012).
[11] *SLG Szendrey-Ramos v. F. Castillo*, *supra*, pág. 883.
[12] 4 LPRA Ap. XXII-B, R. 32. *Énfasis suplido.*

-III-

Luego del correspondiente análisis de los documentos que obran en el expediente y a la luz del derecho aplicable, forzoso nos es desestimar el recurso por falta de jurisdicción dado que se presentó fuera del término provisto en la legislación. Veamos.

En el caso de autos, la Resolución objeto de controversia fue emitida por el TPI el 11 de marzo de 2024. Conforme a la Regla 32, *supra*, el Peticionario debía presentar el *certiorari* dentro de los treinta días de haberse emitido la Resolución en cuestión, es decir, en o antes del 10 de abril de 2024. Sin embargo, el Sr. Crespo presentó el recurso el 12 de abril de 2024, **32 días después** del archivo en autos de copia de notificación de la Resolución recurrida.

Ante un escenario como el de autos, en el que el recurso de *certiorari* fue presentado tardíamente, el Tribunal de Apelaciones carece de jurisdicción para atender el asunto.

-IV-

De conformidad con los fundamentos antes expuestos, se desestima el recurso por falta de jurisdicción.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*